UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELISSA FINCH, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No.  SA-15-CV-521-XR |
| CITY OF SAN ANTONIO, | § § § | |
| *Defendant*, | § § | |

**ORDER**

On this date, the Court considered Defendant City of San Antonio's Bill of Costs (Docket no. 60) and the Objections thereto.

**BACKGROUND**

As the prevailing party, Defendant seeks $2,642.71 in costs pursuant to Federal Rule of Civil Procedure 54(d). Rule 54(d) provides that costs "shall be allowed as of course to the prevailing party." FED. R. CIV. P. 54(d). Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Federal Rule of Civil Procedure 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Id.* Section 1920 provides,

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

1

>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>(5) Docket fees under section 1923 of this title;
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendant seeks $1,554.17 for printed or electronically recorded transcripts necessarily obtained for use in the case and $1,088.54 for fees for exemplification and the costs of making copies of materials that were necessarily obtained for use in the case for a total of $2,642.71. Docket no. 60 at 1.

## DISCUSSION

### I.  Fees for Printed or Electronically Stored Transcripts

Defendant seeks $1,554.17 in costs for electronically recorded transcripts for four items: (1) $841.85 for the oral deposition of Plaintiff, Docket no. 60-1; (2) $379.50 for a transcript from the deposition of Robert Uribe, whose deposition was noticed by Plaintiff, Docket no. 60-2 at 1; (3) $174.66 for a transcript from the deposition of Stephen Harrison, whose deposition was noticed by Plaintiff, Docket no. 60-2 at 2; and (4) $158.16 for a transcript from the deposition of Renee Freida, whose deposition was noticed by Plaintiff, *id.*

Costs related to the taking of depositions are allowed under § 1920(2) "if the materials were necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for the use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Deposition costs are generally allowed if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to

counsel at the time it was taken. *Copper Liquor v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982). In addition, copies of depositions are allowed if they were necessarily obtained for use in a case pursuant to § 1920(4). *Gaddis*, 381 F.3d at 456. Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. *Fogleman*, 920 F.2d at 285–86.

The Court finds that the deposition materials claimed by Defendant were "necessarily obtained for use in the case." Defendant's motion for summary judgment relies heavily on the deposition of Plaintiff. *See* Docket no. 39. As for the other three depositions, Defendant uses some of them in its motion, and properly alleges that copies of the others were necessary to rebut any assertions from Plaintiff based on these depositions. Docket no. 62 at 5–6. Further, even though Plaintiff objects that these deponents may have been called at trial *by Defendant*, it is the practice of this Court to award costs for such depositions so long as they were noticed by the Plaintiff, which is the case here. Docket no. 62-1 at 1; *see Dixon v. Comal Ct.y, Tex.*, SA-09-CV-831-XR, 2011 WL 1565970, at *1 (W.D. Tex. Apr. 25, 2011) (awarding deposition transcript costs for depositions of a party's own witnesses).

Plaintiff raises several other objections. First, she argues that the requested fees are "excessive and ambiguous," but the Court finds that Defendant's requests are neither—they are not excessive because they are well within the realm of normal costs, and they are not ambiguous because they are clearly outlined and supported by receipts. Second, Plaintiff argues that fees should not be awarded for both video depositions and printed transcripts, but Defendant is only requesting printed transcripts. Finally, Plaintiff objects that costs for depositions should be

reduced to $1,088.54 to remove fees for "services incidental to the depositions that are there for convenience of counsel," such as indices, summaries, manuscripts, and delivery fees.

Plaintiff's last argument is valid, but her math is not. As Defendant recognizes, this Court generally does not allow delivery costs and related deposition costs. *Structural Metals, Inc. v. S & C Elec. Co.*, SA-09-CV-984-XR, 2013 WL 3790450, at *4 (W.D. Tex. July 19, 2013). The Court has identified receipts reflecting such costs and deducts $106.00 from the Uribe deposition for administrative fees, a word index, Lit-Stik, and delivery fees, $110.00 from the Harrison deposition for the same, and $95.00 from the Freida deposition for the same. Docket no. 60-2 at 1–2. No such fees were charged in Plaintiff's deposition so no deduction is necessary. Docket no. 60-1. Subtracting these total deductions of $311.00 from Defendant's requested $1,554.17, and finding Defendant's requests for these transcripts to be otherwise valid, the Court awards Defendant $1,243.17 in costs for printed or electronically recorded transcripts.

## II. Exemplification and the Costs of Making Copies of Materials

Defendant requests $1,088.54 in costs for obtaining copies of Plaintiff's medical and educational records. This request is broken down into eight receipts: (1) a $115.30 receipt for medical records from Dignity Women's Center; (2) a $91.75 receipt for educational records from San Antonio College; (3) a $153.13 receipt for medical records from Texas Oncology; (4) a $87.85 receipt for medical records from the University of Texas at Brownsville; (5) a $342.36 receipt for medical records from Texas Perinatal Group; (6) a $142.20 receipt for medical records from Bluffview Family Practice; (7) a $83.45 receipt for educational records from Kaplan University – Davenport Campus; and (8) a $72.50 receipt for educational records from San Antonio College. Docket no. 60-3.

Reimbursement of these costs is authorized under § 1920(4) as long as the records were necessarily obtained for use in the case. 28 U.S.C. § 1920(4); *Dixon*, 2011 WL 1565970 at *2. The Court finds that these records were necessarily obtained for use in this case. The claims in this case involved pregnancy discrimination and employment discrimination based on Defendant's failure to hire Plaintiff for a new position. Medical records are necessary to the former and educational records are necessary to the latter. Moreover, Plaintiff made claims of physical symptoms being caused by job-related stress, anxiety, and depression, which also supports Defendant's need for medical records. Docket no. 7.

Plaintiff's only objection to these costs is the generalized assertion that they are "excessive and ambiguous." Again, though, these costs are reasonable in amount and clearly identifiable based on the receipts provided by Defendant. As such, the Court awards Defendant $1,088.54 in costs for obtaining copies of Plaintiff's medical and educational records.

## CONCLUSION

In sum, $2,331.71 in costs are awarded to Defendant as follows:

(1) $1,243.17 in fees for printed or electronically stored transcripts; and

(2) $1,088.54 in costs for obtaining copies of Plaintiff's medical and educational records.

It is so ORDERED.

SIGNED this 18th day of October, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE